## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **CLARENCE LEE, #18414-180,** § | |
| § | |
| **Plaintiff,** § | |
| § | SA-22-CV-00719-FB |
| **v.** § | |
| § | |
| **U.S. DISTRICT JUDGE DAVID ALAN** § | |
| **EZRA; SERGEANT COMPTON; and** § | |
| **UNIDENTIFIED STAFF,** § | |
| § | |
| **Defendants.** § | |

## ORDER DISMISSING IN PART
## and SEVERING AND TRANSFERRING
## IN PART

Before the Court is Plaintiff Clarence Lee's ("Lee") Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Upon review, the Court orders that Lee's claims against Senior United States District Judge David Alan Ezra be **DISMISSED** and that Lee's claims against Sergeant ("Sgt.") Compton and unidentified staff at the Eden Facility be **SEVERED AND TRANSFERRED** to the Northern District of Texas.

### BACKGROUND

In 2019, Lee was charged by indictment in the Western District of Texas with conspiracy in violation of 18 U.S.C. § 371 and passing or uttering counterfeit obligations in violation of 18 U.S.C. § 472. *United States v. Lee*, No. SA-19-CR-842-DAE(1) (W.D. Tex. Oct. 19, 2021) (ECF No. 47). The case was assigned to Senior United States District Judge David Alan Ezra ("Judge Ezra") and on June 22, 2021, Lee was found guilty. *Id.*, (ECF No. 254). Lee was subsequently sentenced to fifty seven years' confinement. *Id.*

On July 5, 2022, Lee filed this Section 1983 Complaint naming Judge Ezra, a San Antonio federal judge, and Sergeant Compton and staff, employees at the Eden Facility in Eden, Texas, as defendants. (ECF No. 1). Plaintiff purports to sue Judge Ezra for "breach of duty by a fiduciary trustee." (*Id.*). Further, he purports to sue Sgt. Compton and the staff at the Eden Facility for failing to ensure his safety and security. (*Id.*). Based on the foregoing, Lee seeks his release from confinement and to be awarded $34,429,500.00 in damages. (*Id.*).

## DISCUSSION

### I.     Claim against Judge Ezra

Plaintiff Lee purports to sue Judge Ezra for "breach of contract by a fiduciary trustee." (ECF No. 1). However, it is well settled that judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227–229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). Absolute judicial immunity may only be overcome if the plaintiff shows the complained-of actions were nonjudicial in nature or were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Here Plaintiff alleges no facts demonstrating that Judge Ezra's actions were nonjudicial in nature or were taken in the complete absence of all jurisdiction. Instead, he appears to base his claim of "breach of duty by a fiduciary trustee" on acts performed by Judge Ezra in the exercise of his judicial functions. As such, Judge Ezra is entitled to absolute immunity.

Accordingly, the Court finds that Plaintiff's claim against Judge Ezra is subject to dismissal based on judicial immunity.

## II.     Claims against Sgt. Compton and staff

With respect to Lee's remaining claims, the Court finds Lee improperly joined his Section 1983 claims against the Eden Unit Defendants with his claim against Judge Ezra. A district court may raise the issue of venue *sua sponte*. *See Mills v. Beechcraft Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). Venue in a civil rights action is governed by Section 1391 of Title 28 of the United States Code. *See* 28 U.S.C. §1391(b); *Davis v. La. State Univ.*, 876 412, 413 (5th Cir. 1989). Section 1391(b) provides that cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claims occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). A court may also transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice" *see* 28 U.S.C. § 1404(a); *Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). The court has broad discretion when deciding whether to sever parties or claims and may do so when they are "misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).

In this case, the Court finds Lee's civil rights claims against the Eden Facility Defendants are more properly brought in the Northern District of Texas given that it is where a substantial part of the events or omissions giving rise to Lee's claims occurred. (ECF No. 1); *see* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 124(b)(6). In addition, in the event of an evidentiary hearing or trial, it will be more convenient for a majority of the witnesses to travel to Eden. *See* 28 U.S.C. §

3

1404(a). Accordingly, Lee's claims against the Eden Facility Defendants must be severed from his claim against Judge Ezra and transferred to the Northern District of Texas.

**IT IS THEREFORE ORDERED** that Plaintiff Clarence Lee's Section 1983 claim against Senior United States District Judge Ezra are **DISMISSED WITH PREJUDICE** based on judicial immunity.

**IT IS FURTHER ORDERED** that Lee's Section 1983 claims against Sergeant Compton and staff are **SEVERED** from this action and **TRANSFERRED** to the Northern District of Texas. **The Clerk of Court is instructed to open a new case for the severed claims and transfer the new case to the Northern District of Texas.**

It is so **ORDERED**.

SIGNED this 22nd day of July, 2022.

FRED BIERY
UNITED STATES DISTRICT JUDGE